# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SHEA MONAHAN,

               **Plaintiff,**

v.                                         **Case No:  6:15-cv-1159-Orl-40KRS**

REHOBOTH HOSPITALITY, INC. and
ANDREW VEDAMANIKAM,

               **Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL OF ALL CLAIMS WITH PREJUDICE** (Doc. No. 21) |
| **FILED:** | **October 27, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

## I.    BACKGROUND.

      Plaintiff Shea Monahan filed a complaint against Defendants Rehoboth Hospitality, Inc. and Andrew Vedamanikam, raising a claim for failure to pay overtime compensation as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  Doc. No. 1.  On October 27, 2105, counsel filed the instant motion, indicating that the parties reached a settlement and requesting that the Court approve that settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679

F.2d 1350 (11th Cir. 1982).   Doc. No. 21.   They attached two counterpart copies of the settlement agreement, with one signed by Plaintiff and the other by Defendants.   Doc. No. 21-1.   The parties also filed a supplemental memorandum, addressing whether and the extent to which Plaintiff compromised his claims.   Doc. No. 23.   The parties stipulate to dismissal of Plaintiff's claims with prejudice, but request that the Court retain jurisdiction to enforce the settlement agreement.   Doc. No. 21, at 5.

The motion was referred to me for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II.   APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   679 F.2d at 1353.   Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1]   If the Court finds that the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

the attorney's fees to a reasonable amount.  *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

**III.    ANALYSIS.**

   *A.    Whether Monahan Has Compromised His Claims.*

   Under the Settlement Agreement, Defendants will pay a total of $4,750.00.  Doc. No. 21-1, at 3 ¶ 5.  Of that amount, Defendants will provide $1,200.00 to Plaintiff, representing wages, less applicable taxes; $1,200.00 to Plaintiff, representing liquidated damages; and $2,350.00 to Plaintiff's counsel, representing attorneys' fees and costs.  *Id.*

   In a supplemental memorandum, the parties stated that Plaintiff estimated his damages at $2,160.00, excluding liquidated damages.  Doc. No. 23 ¶ 5.  Plaintiff also claimed an entitlement to an equal amount in liquidated damages.  Doc. No. 1, at 5.  Because Plaintiff will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*.

   *B.    Whether the Amount Is Fair And Reasonable.*

   Because Plaintiff has compromised his claim, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable.  Through counsel, the parties represent that they meaningfully disagreed over the number of hours and damages claimed, and exchanged conflicting evidence and arguments.  Doc. No. 23 ¶¶ 3–6.  Plaintiff agreed to the compromise because (1) Defendants' payroll records conflicted with his recollection, including as to the number of hours worked; (2) he would need to establish willfulness to recover liquidated damages; and (3)

he desired to avoid the risks of litigation, including the possible assessment of taxes against him. *Id.* ¶¶ 8–10. These facts adequately explain the reasons for the compromise. Accordingly, I recommend that the Court find that the amount of the compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

      C.    *Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiff has compromised his FLSA claim, the Court must also consider whether the payment to his attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. "[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." *Bonetti*, 715 F. Supp. 2d at 1228. If the parties do not agree to the attorney's fees "separately and without regard to the amount paid to the plaintiff," however, the Court should determine the reasonable fee using the lodestar approach. *Id.* Here, the parties represent that the attorneys' fees and costs were agreed upon separately and without regard to the amount to be paid for Plaintiff's underlying claims. Doc. No. 23 ¶ 12; *see also* Doc. No. 21, at 4–5. Based on this representation, there is no reason to believe that the amount Plaintiff agreed to accept was adversely affected by the amount of fees paid to his counsel.

      D.    *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiff's release of claims in the settlement agreement renders the agreement unreasonable. Plaintiff agrees to release Defendants from all claims arising from his former employment with Defendants. Doc. No. 21-1 ¶ 3. Accordingly,

the scope of Plaintiff's release extends beyond merely his FLSA claim.  *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims.").

A number of cases, however, have approved settlement agreements when the employee received additional consideration in exchange for concessions to the employer that went beyond release of the FLSA claim.  *See, e.g., Irizarry v. Percepta, LLC*, No. 6:12-cv-1141-37KRS, 2013 U.S. Dist. LEXIS 117283, at *7 (M.D. Fla. June 19, 2013), *adopted by* 2013 U.S. Dist. LEXIS 117282 (M.D. Fla. July 10, 2013) (approving a settlement agreement when an employee received separate monetary compensation in exchange for agreeing to a general release and other concessions); *Bacorn v. Palmer Auto Body & Glass, LLC*, No. 6:11-cv-1683-Orl-28KRS, 2012 U.S. Dist. LEXIS 183819, at *5 (M.D. Fla. Dec. 19, 2012), *adopted by* 2013 U.S. Dist. LEXIS 2710 (M.D. Fla. Jan. 8, 2013) (approving a settlement agreement when an employee signed a general release in exchange for a mutual release from an employer); *Bright*, 2012 U.S. Dist. LEXIS , at *18–19 (approving a settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her); *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12-cv-150-Orl-36KRS, 2012 U.S. Dist. LEXIS 82415, at *6–7 (M.D. Fla. May 31, 2012), *adopted by* 2012 U.S. Dist. LEXIS 82414 (M.D. Fla. June 14, 2012) (approving a settlement agreement when a general release by the employee was exchanged for a mutual release by the employer).   I find these cases persuasive and applicable to the instant case.   Although Plaintiff here agrees to release all claims against Defendants arising out of his former employment, Doc. No. 21-1¶ 3, Defendants also agree to release all claims against Plaintiff arising out of that employment, *id.*

¶ 6.   Because Plaintiff is receiving separate consideration in the form of a mutual release, his release of claims does not undermine the fairness of the settlement agreement.

        **E.**        *Whether the Court Should Retain Continuing Jurisdiction.*

The parties have included a provision in the agreement itself that provides the Court will retain jurisdiction for its enforcement, Doc. No. 21-1 ¶ 12; however, "[t]o retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough," *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012).   I note, nevertheless, that the settlement agreement does not include a severance provision.   Moreover, all payments under the settlement agreement must be delivered relatively quickly — within only ten business days of the execution of the agreement by the parties.   Doc. No. 21-1 ¶ 7.   Accordingly, due to the nature of the payments and bearing in mind that the agreement is otherwise reasonable, I recommend that the Court retain jurisdiction to enforce the settlement agreement for a period of twenty-one days following entry of an order approving the agreement.[2]   *Cf. Rodriguez v. TCB Naples LLC*, No. 2:15-cv-106-FtM-38MRM, 2015 U.S. Dist. LEXIS 146774, at *5–6 (M.D. Fla. Oct. 26, 2015) (retaining jurisdiction based upon language in the settlement agreement and the limited timeframe the installment payments).

## IV.   RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1.      **GRANT in part** the Joint Motion for Approval of Settlement and for Dismissal of All Claims with Prejudice (Doc. No. 21);

---

[2]  The parties have offered no compelling reason why the Court should retain jurisdiction indefinitely, and I discern none.

2.      **FIND** that the parties' settlement agreement (Doc. No. 21-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

3.      **DISMISS** the case with prejudice;

4.      **RETAIN** jurisdiction to enforce the settlement agreement until twenty-one days after entry of the order approving the settlement agreement; and

5.      **DIRECT** the Clerk of Court to close the file after the above period expires.

Failure to file written objections to the proposed finding and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on November 23, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE