**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SHEA MONAHAN,

    Plaintiff,

v.                                        Case No:  6:15-cv-1159-Orl-40KRS

REHOBOTH HOSPITALITY, INC.
and ANDREW VEDAMANIKAM,

    Defendants.

## ORDER

This Fair Labor Standards Act case comes before the Court on the parties' Joint Motion for Approval of Settlement and for Dismissal of All Claims With Prejudice (Doc. 21), filed October 27, 2015.  On November 24, 2015, Magistrate Judge Karla R. Spaulding issued a report recommending that the Court find the parties' settlement to constitute a fair resolution of a bona fide FLSA dispute, retain jurisdiction to enforce the settlement agreement for a period of twenty-one days, and to dismiss the case with prejudice.  (Doc. 24).  No party has objected to the Magistrate Judge's report and the time for doing so has passed.

Upon an independent de novo review of the record, the parties' settlement agreement, and Magistrate Judge Spaulding's Report and Recommendation, the Court agrees that the amount of the settlement is fair and reasonable and that the amount of attorney's fees and costs to be paid to Plaintiff's counsel is reasonable by virtue of the fact that these fees and costs were negotiated separately and without regard to Plaintiff's FLSA claim.  However, the Court disagrees with the Magistrate Judge's finding that the settlement agreement's release of claims provision does not undermine the reasonableness of the settlement.  (Doc. 24, pp. 4–6).  That provision states as follows:

1

> Plaintiff hereby voluntarily and irrevocably releases, acquits and forever discharges Defendants from any and all claims, demands, liabilities, debts, judgments, damages, expenses, administrative actions, causes of action or suits of any kind arising out of his former employment with Defendants, whether known or unknown, including but not limited to any common law or statutory claims, including claims for incidental or consequential damages, expenses incurred, litigation expenses, court costs, attorney fees, tort or contractual damages of any kind, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory or punitive, which arose out of or are connected in any way, directly or indirectly, with Plaintiff's former employment with Defendants.

(Doc. 21-1, ¶ 3).

There is certainly disagreement among the district judges in the Middle District of Florida on the issue of whether a release of claims provision undermines the reasonableness of an FLSA settlement. Some judges approve of broad general releases which contemplate all types of claims, including non-wage claims, so long as the release is supported by additional consideration. *See, e.g.*, *Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *5 (M.D. Fla. Mar. 14, 2012) (approving of broad general release where the employer agreed to drop its counterclaims against the employee). Other judges only approve of releases when they are narrowly-tailored to the wage claims asserted in the complaint. *See, e.g.*, *Heath v. Hard Rock Café Int'l (STP), Inc.*, No. 6:10-cv-344-Orl-28KRS, 2011 WL 5877506, at *4 (M.D. Fla. Oct. 28, 2011) (finding release not unreasonable where the employee released only those claims arising under federal and state wage laws), *adopted by* 2011 WL 5873968 (M.D. Fla. Nov. 23, 2011). Still other judges disapprove of any release in an FLSA settlement as per se unreasonable, no matter its scope. *See, e.g.*, *Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, slip op. at 3 n.1 (M.D. Fla. July 21, 2015) (finding release per se unreasonable).

The undersigned sides with those decisions holding that a release in an FLSA settlement is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint. The reasoning revolves around the disparate bargaining power between employees and employers. "An employee seeking to vindicate [her] FLSA rights often desperately needs [her] wages." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) (footnote omitted). Employers are therefore placed in an inherently superior position where they are capable of exploiting this desperation by purchasing all other unknown claims a Plaintiff may have—including discrimination, retaliation, and harassment claims, personal injury claims, and administrative claims—in exchange for the wages to which the employee is already lawfully entitled. Because of the employee's need for her wages, she is willing to forfeit rights to potentially meritorious and valuable lawsuits that are unknown to her. The result is a windfall to the employer which renders the FLSA settlement unfair and unreasonable.

However, the undersigned approves of releases that are narrowly-tailored to the wage claims asserted in the complaint. Unlike broad general releases, an employee likely already knows—whether through her own knowledge or through the aid of her counsel—the value of her wage claims and the potential legal actions she can take to vindicate her rights. The employee therefore knows exactly what, if anything, she forfeits, thus maintaining the integrity of the settlement.

The release in this case is the type of broad general release which renders the parties' settlement unfair and unreasonable. Plaintiff is required to release without limitation all claims relating to her employment with Defendant, regardless of whether those claims are known or unknown, are related or unrelated to the wages she seeks, or arise directly or indirectly out of her employment. The result is an impermissible windfall to Defendant.

Where an FLSA settlement contains a severability provision, the Court would simply strike such a broad release from the settlement and enforce the remainder of the agreement. However, the instant settlement agreement contains no severability provision. The Court must therefore deny the parties' joint motion to approve the settlement and direct that a revised settlement agreement be submitted for review.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The November 24, 2015 Report and Recommendation (Doc. 24) is **REJECTED IN PART** to the extent the Magistrate Judge finds that the settlement agreement's release of claims provision does not undermine the reasonableness of the settlement.

2. The parties' Joint Motion for Approval of Settlement and for Dismissal of All Claims With Prejudice (Doc. 21) is **DENIED WITHOUT PREJUDICE**.

3. The parties have until and including **January 15, 2016** to file a renewed joint motion seeking approval of a revised settlement agreement which complies with the mandates of this Order. Failure to file a renewed joint motion within the time provided will result in the Court placing this case back on the trial docket.

**DONE AND ORDERED** in Orlando, Florida on December 18, 2015.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

The Honorable Magistrate Judge
Counsel of Record